**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN DIOR, S.A., *Plaintiff*, | ) | |
| v. | ) | No. 26 C 12723<br>Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff Christian Dior, S.A. filed a Motion for Electronic Service of Process [19] and a Motion for Entry of a Temporary Restraining Order ("TRO"), including a Temporary Injunction, a Temporary Asset Restraint, and Expediated Discovery [20]. Dior's Motion for Electronic Service of Process and its Motion for Entry of a Temporary Restraining Order are denied. (Dkts. 19, 20).

Dior filed a motion requesting that the Court authorize Dior to effectuate service of process by e-mail and electronic publication. Dior also requested the Court's permission to provide the Defendants with pertinent documents via email and on a website. "District courts handling Schedule A cases typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 799 (7th Cir. 2026) (quoting *NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)); *Chief Judge Kendall's Standing Order for "Schedule A" Litigation,* ¶ 3(a) ("Any motion contending that the Hague Convention does not apply must be accompanied by a declaration under penalty of perjury attesting to the specific facts showing how an exception applies. If that motion is based on defendants' unknown addresses, the plaintiff must first undertake diligent efforts to ascertain and verify the defendants' addresses prior to filing its motion. It must then detail those diligent efforts in its declaration."). For service of process purposes, the Hague Convention does not apply "where the address of the person to be served with the document is not known." *Id.* (quoting Hague Service Convention, Nov. 15, 1965, 20 U.S.T. 361, 362 T.I.A.S. No. 6638).

While Dior submitted declarations concerning its efforts to discover the Defendants' addresses [17, 18], Dior offers scant authority for its position that the Court should allow electronic service. *MBM Holdings LLC v. City of Glendale*, 843 F. App'x 5, 8 (7th Cir. 2021) ("It is the responsibility of the litigants to raise coherent legal claims, produce factual support, and develop reasoned arguments supported by citation to legal authority."). Dior's Motion for Electronic Service is denied [19].

Dior also requests equitable relief in its Motion for Entry of a Temporary Restraining Order. (Dkt. 20). Dior seeks both a TRO and a preliminary injunction. (*Id.*) These are extraordinary, drastic remedies that are "never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024). Injunctions "must 'be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt.'" *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 414-15 (7th Cir. 2008) (quoting *PMC, Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998)).

The Court declines to grant Dior's injunctive relief based on its barebone assertions. Dior does not explain why the Court should treat all five Defendants as a single entity. (Dkts. 18, 20); *see Collectanea J. Ltd. v. The Partnerships & Unincorporated Associations Identified on Schedule "A,"* 2026 WL 891930, at *5 (N.D. Ill. Mar. 31, 2026) (dissolving an injunction against multiple defendants because "[t]he injunction, as issued, operates against all defendants collectively . . . regardless of whether they have any demonstrated connection to one another or to the core infringement alleged"); *Semisilicon Tech. Corp. v. Changzhou Jutai Elec. Co.*, 2026 WL 1694026, at *9 (N.D. Ill. June 11, 2026) (recognizing "joint legal representation does not equate to joint conduct" when plaintiff treats all five defendants "as a singular entity, lumping all their actions, knowledge, and positions as one" without explaining why joint treatment of the parties is proper).

Nor does Dior provide the Court with any indication as to how it can satisfy the requirements of a preliminary injunction or a TRO. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020). Similarly, the Court can only issue a TRO when "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(A). Because Dior provides the Court with minimal support for its request for injunctive relief, Dior's Motion is denied.

Dior also requested a temporary asset restraint and expediated discovery. Dior, once again, provides no support for this request. Accordingly, Dior's Motion for Entry of a Temporary Restraining Order [20] is dismissed in its entirety.

**CONCLUSION**

The Plaintiff's Motion for Electronic Service of Process [19] and Motion for Entry of a Temporary Restraining Order are denied [20].

Virginia M. Kendall
United States District Judge

Date: November 16, 2026